IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY HUNT,<br>　　　　　Plaintiff,<br>　　vs.<br><br>RON JOHNS AS AN INDIVIDUAL AND IN HIS CAPACITY AS DIRECTOR OF THE SCOTTS BLUFF COUNTY DETENTION CENTER, and SCOTTS BLUFF COUNTY, and MONUMENT VISION, PC, and OREGON TRAIL EYE CENTER, PC, and JOHN DOES 1-99,<br><br>　　　　　Defendants. | Case No. 4:17-cv-3023<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the parties' Motion for Protection Order. ([Filing No. 26](#).) The motion is granted.

Accordingly,

**IT IS ORDERED**:

1)　　This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, video files, audio files, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. It will not apply to any documents, or information, produced prior to the execution of this agreement unless a party designates such documents or information in accordance with and pursuant to the terms of this Order. Upon any such designation, this Order shall apply to all such documents or information so designated from the date of designation forward.

2) As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3) Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of any party or third party to these proceedings. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Third-parties disclosing any CONFIDENTIAL information may designate such CONFIDENTIAL information as CONFIDENTIAL per this Protective Order and any party to this Protective Order may designate CONFIDENTIAL information produced by a third-party as CONFIDENTIAL per this Protective Order.

4) CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a) attorneys actively working on this case and their staff engaged in day-to-day legal or clerical work on this case;

    b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c) the parties;

    d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e) the Court and its employees ("Court Personnel");

    f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g) persons whom counsel reasonably believes to be the authors, senders, addressees, and/or copy recipients of such CONFIDENTIAL information,

      current management-level employees of the parties, or any other person with actual knowledge of the information contained therein so long as: (i) those persons have been identified in Fed. R. Civ. P. 26(a) disclosures (or amendments thereto); and (ii) they have agreed to abide by the terms of this Protective Order pursuant to Paragraph 5, below;

  h)  witnesses or deponents with actual knowledge of the contents of the documents or information designated as CONFIDENTIAL; and

  i)  other persons by written agreement of the parties.

5)  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. *See* Exhibit 1, Acknowledgment Form.

6)  The Health Insurance Portability and Accountability Act ("HIPAA") privacy rule prevents disclosure of "protected health information," as that term is defined under HIPAA, with certain exceptions. 45 C.F.R. § 164.101 *et seq.* One of those exceptions is disclosure in the course of litigation. 45 C.F.R. § 164.512(e)(1) *et seq.* To insure compliance with HIPAA as now enacted or as may be modified in the future, and in addition to the other protections provided herein, it is specifically ordered that:

  a)  The parties and any other person obtaining protected health information pursuant to this Order are prohibited from using or disclosing protected health information for any purpose other than the litigation; and

  b)  The parties and any other person obtaining protected health information pursuant to this Order are required to return or destroy any protected health information at the conclusion of the litigation.

7)  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8) Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response or, if appropriate, by placing the word "CONFIDENTIAL" in the footer of each applicable page or pages of a discovery response indicating that all information contained on that page or pages is so designated.

9) Any information designated by a party as CONFIDENTIAL will first be reviewed by counsel who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection.

10) Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but (1) a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript or (2) the parties may stipulate otherwise on the record at a deposition.

11) When filing CONFIDENTIAL information with the Court, Parties must file said CONFIDENTIAL information in accordance with Neb. Civ. R. 7.5.

12) A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party challenging the designation to file an appropriate motion requesting that

the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13) In the event of an inadvertent disclosure of CONFIDENTIAL information, or privileged documents or information, by any party to this agreement, the parties agree that the right to designate such materials as CONFIDENTIAL or to assert privilege will not be waived where the producing party notifies the other party of the inadvertent disclosure within a reasonable period of time following discovery of the inadvertent disclosure. Upon notification of an inadvertent disclosure of CONFIDENTIAL or privileged documents or information, the producing party shall notify the receiving party of the inadvertent disclosure. Upon notification, the receiving party shall promptly return or destroy the requested privileged materials and any copies thereof. In the case of CONFIDENTIAL documents or information, the receiving party shall either mark the documents or information in accordance with this Order and treat the documents or information accordingly, or return the information to the producing party to be marked pursuant to this Order. The election to have the documents or information marked, destroyed or returned shall lie exclusively with the producing party subject to the objection procedures outlined herein.

14) At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, maintained by counsel in accordance

with the terms of the Protective Order, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, and upon written request, the destroying party shall provide all parties with an affidavit confirming the destruction.

15) The restrictions on use of CONFIDENTIAL information set forth in this Stipulated Protective Order shall survive the conclusion of this litigation.

16) Neither a party's designation of information as CONFIDENTIAL under this Stipulated Protective Order, nor a party's failure to make or object to such designation, shall be admissible in evidence as a party admission or otherwise to prove any fact relevant to any claim or defense.

17) The parties agree and stipulate that every person who obtains CONFIDENTIAL information is prohibited from using or disclosing said information for any purpose whatsoever, except as necessary to assist in the conduct of this litigation.

18) This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 13th day of July, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY HUNT, | ) | Case No. 4:17-cv-3023 |
|     Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ACKNOWLEDGMENT OF TERMS OF** |
| RON JOHNS AS AN INDIVIDUAL AND | ) | **CONFIDENTIALITY** |
| IN HIS CAPACITY AS DIRECTOR OF | ) | |
| THE SCOTTS BLUFF COUNTY | ) | |
| DETENTION CENTER, and SCOTTS | ) | |
| BLUFF COUNTY, and MONUMENT | ) | |
| VISION, PC, and OREGON TRAIL EYE | ) | |
| CENTER, PC, and JOHN DOES 1-99, | ) | |
| | ) | |
|     Defendants. | ) | |

    I hereby acknowledge that I have been advised of the terms of the Stipulated Protective Order entered in *Larry Hunt v. Ron Johns, et al.*, Civil Action No. 4:17-cv-3023-RGK-SMB, pending in the United States District Court for the District of Nebraska, have been provided with a copy of said Stipulated Protective Order, have read and understand said Stipulated Protective Order, agree to be bound by and to comply with the terms of said Stipulated Protective Order, and agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of said Stipulated Protective Order.

    Dated:_____

    Printed Name:_____

    Relationship to Lawsuit:_____

    Address:_____

    _____

    Telephone:_____