IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY HUNT, | )<br>) |
| Plaintiff, | ) 4:17CV3023<br>) |
| v. | )<br>) |
| RON JOHNS, as an Individual and in his capacity as Director of the Scotts Bluff County Adult Detention Center, SCOTTS BLUFF COUNTY, MONUMENT VISION, PC, OREGON TRAIL EYE CENTER, PC, and JOHN DOES 1-99, | ) **MEMORANDUM**<br>) **AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff Larry Hunt brings this action asserting claims under 42 U.S.C. § 1983 against defendants Ron Johns, Scotts Bluff County, and John Does 1-99 for these defendants' policy or custom of ignoring inmates' serious medical needs—in this case, an eye condition that has allegedly severely impaired Plaintiff's vision—and failure to train jail employees to recognize serious medical needs. (Filing No. 1 at CM/ECF pp. 14-17.) Plaintiff asserts state-law negligence claims against these defendants, as well as against an optometry practice, Monument Vision, PC ("Monument"), and an ophthalmology practice, Oregon Trail Eye Center, PC. (Filing No. 1 at CM/ECF pp. 11-14.) Monument has filed a Motion for Summary Judgment (Filing No. 29) as to the only claim asserted against it—professional negligence under Nebraska law.[1] Plaintiff has not responded to Defendant's motion.

---

[1]Plaintiff's Complaint alleges that he also brings his professional negligence claim against Monument under the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat. §§ 44-2801 to 44-2855 (Westlaw 2017). (Filing No. 1 at CM/ECF p. 19 ¶¶ 96-97.) However, it is not clear to the court that optometrists fit within the definitions of those covered by the Act. Neb. Rev. Stat. §§ 44-2803, -2804, -2806 (definitions

**Motion for Summary Judgment Filed by Monument Vision, PC**

Plaintiff alleges that Monument's medical staff was professionally negligent when it failed to "impress immediately upon jail staff that the Plaintiff's detached retina, diagnosed by Monument Vision on April 20, 2015, was a serious medical need that warranted immediate attention from an Ophthalmologist" and when it failed to "refer the Plaintiff to an Ophthalmologist for immediate further care." (Filing No. 1 at CM/ECF pp. 12-13.) Monument moves for summary judgment on this claim, arguing that under Nebraska law, Plaintiff must proffer expert testimony to support his action for professional negligence, which he has failed to do; that Monument has filed the affidavits of two optometrists who state that Dr. Schneider at Monument did not violate the applicable standard of care in its treatment of Plaintiff; and that a defendant is entitled to summary judgment when a plaintiff fails to prove, by expert testimony, any departure from the recognized standard of care. (Filing No. 30, Br. Supp. Def.'s Mot. Summ. J.)

Because Plaintiff did not respond to Monument's motion for summary judgment, Monument's statement of undisputed material facts is considered admitted. NECivR 56.1(b)(1).

1. Dr. Robert S. Vandervort, O.D., F.A.A.O., is a board-certified optometrist, and Dr. Jill A. Schneider, O.D., was the president and owner of

---

of "health care provider," "physician," "hospital"); *Waddell v. Osterholm*, No. 8:14-CV-264, 2016 WL 6216137, at *2 (D. Neb. Jan. 25, 2016) ("the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat § 44-2828, . . . applies more specifically to physicians"). In any event, whether or not Plaintiff's professional negligence claim against Monument falls under the Act or common law is irrelevant to the issues discussed here. Neb. Rev. Stat. § 44-2821(1) (Westlaw 2017) ("Any health care provider who fails to qualify under the Nebraska Hospital-Medical Liability Act shall not be covered by the provisions of such act and shall be subject to liability under doctrines of common law.") The parties do not argue otherwise.

Monument Vision, P.C., who treated Plaintiff. Both optometrists have filed affidavits in support of Monument's motion for summary judgment. (Filing No. 31.)

2. Both Dr. Vandervort and Dr. Schneider are familiar with the generally recognized standards of care applicable to treating patients, including Plaintiff, at all relevant times, including April 20, 2015. (Filing No. 31-1, Aff. R. Vandervort ¶ 5; Filing No. 31-3, Aff. J. Schneider ¶ 5.)

3. These standards of care are applicable to optometrists in the relevant geographical area, such as Dr. Schneider and Monument Vision. (Filing No. 31-1, Aff. R. Vandervort ¶ 5; Filing No. 31-3, Aff. J. Schneider ¶ 6.)

4. Both Dr. Vandervort and Dr. Schneider are familiar with the facts of Plaintiff's medical care, including the care rendered by Dr. Schneider and Monument Vision on April 20, 2015. (Filing No. 31-1, Aff. R. Vandervort ¶ 4; Filing No. 31-3, Aff. J. Schneider ¶ 7.)

5. In examining, testing, and treating Plaintiff, Monument Vision and Dr. Schneider did not depart from the appropriate standards of care. (Filing No. 31-1, Aff. R. Vandervort ¶ 5; Filing No. 31-3, Aff. J. Schneider ¶ 8.)

## Standard of Review

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion" Fed. R. Civ. P. 56(a).

In ruling on a motion for summary judgment, the court must view the evidence

in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *See Dancy v. Hyster Co.*, 127 F.3d 649, 652-53 (8th Cir. 1997). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue; the court merely determines whether there is evidence creating a genuine issue for trial. *See Gray v. FedEx Ground Package Sys., Inc.*, 799 F.3d 995, 999 (8th Cir. 2015).

The moving party bears the burden of showing there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the nonmoving party fails "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp.*, 477 U.S. at 322.

### **Discussion**

Monument's argument in support of its motion for summary judgment is that, in professional negligence cases, Nebraska law dictates that "an affidavit offered by the defendant indicating there was no breach of the standard of care is prima facie evidence entitling a defendant to judgment as a matter of law where a plaintiff offers no expert testimony to the contrary." (Filing No. 30 at CM/ECF p. 6.) Because Monument has presented such affidavits, and because Plaintiff has not responded, Monument believes it is entitled to summary judgment on the negligence claim against it.

Monument's argument raises many issues, none of which are addressed by

4

either party: (1) this court's jurisdiction over Plaintiff's state-law negligence claim; (2) whether the *Erie* rule applies in a non-diversity case like this; (3) if so, whether Nebraska's rule that expert testimony is required to identify the applicable standard of care in professional negligence cases applies to the Monument optometrist's actions in this case; (4) whether Nebraska's rule that an affidavit offered by a defendant indicating there was no breach of the standard of care is prima facie evidence entitling the defendant to judgment as a matter of law where a plaintiff offers no expert testimony to the contrary is "substantive" or "procedural"; and (5) whether this rule applies in this court such that Monument is entitled to summary judgment. I shall address each of these matters in turn.

Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's pendent state-law negligence claim against defendant Monument Vision, PC, which arose out of the same incident as the underlying § 1983 claim. *Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998). Courts considering a state-law claim based on supplemental jurisdiction apply federal procedural law and state substantive law. *Witzman v. Gross*, 148 F.3d 988, 990 (8th Cir. 1998) ("When considering . . . supplemental state-law claims, we are bound by Minnesota law."); *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 237-38 (E.D. Mo. 2004) (*Erie* rule that federal court sitting in diversity must apply state substantive law and federal procedural law "applies equally in the context of pendent jurisdiction over supplemental state law claims," with the goal of ensuring "that the outcome of the litigation in federal court will be substantially the same as if the case were being tried in state court").

In Nebraska professional negligence cases, "[t]he general rule is that expert testimony is required to identify the applicable standard of care." *Bixenmann v. Dickinson Land Surveyors, Inc.*, 882 N.W.2d 910, 916, *opinion modified on denial of reh'g*, 886 N.W.2d 277 (Neb. 2016) (negligence by land surveyors); *see also Thone v. Reg'l W. Med. Ctr.*, 745 N.W.2d 898, 903 (Neb. 2008) (medical malpractice); *Overland Constructors, Inc. v. Millard Sch. Dist., Sch. Dist. No. 17*, 369 N.W.2d 69,

5

76 (Neb. 1985) (negligence by architect).

In determining whether a particular act or service is "professional" in nature for purposes of Nebraska professional negligence law, "the court must look to the nature of the act or service itself and the circumstances under which it was performed." *Bixenmann v. Dickinson Land Surveyors, Inc.*, 886 N.W.2d 277, 278 (Neb. 2016).

> A professional negligence claim calls into question the conduct of the professional in his area of expertise. Administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence. If the allegations of the complaint involve the exercise of professional skill and judgment within the professional's area of expertise and go to the propriety of professional decisions rather than to the efficacy of the professional's conduct in carrying out decisions previously made, the claim sounds in professional negligence rather than ordinary negligence.

*Bixenmann*, 886 N.W.2d at 278-79 (internal quotation marks and citations omitted).

In this case, Plaintiff alleges that "Monument Vision diagnosed a detached retina, and referred the Plaintiff to Oregon Tr[ai]l." (Filing No. 1 at CM/ECF p. 7 ¶ 43.) Plaintiff also alleges that Monument "failed to . . . impress immediately upon jail staff that the Plaintiff's detached retina . . . was a serious medical need that warranted immediate attention from an Ophthalmologist" and further neglected to "refer the Plaintiff to an Ophthalmologist for immediate further care." (Filing No. 1 at CM/ECF pp. 12-13 ¶ 72.) Clearly, the actions that form the basis of Plaintiff's negligence claim against Monument—diagnosing a detached retina and concluding that a patient needs further ophthalmological care—are ones that required "the exercise of professional skill and judgment within the professional's area of expertise" and cannot be characterized as "[a]dministrative, clerical, or routine acts demanding no special expertise." *Bixenmann*, 886 N.W.2d at 278-79.

Because Monument's actions (or failures to act) qualify as "professional acts"

under Nebraska law, expert testimony is required to establish the standard of care. *Bixenmann*, 886 N.W.2d at 279 ("We conclude that the act complained of qualified as a professional act and required expert testimony to establish the standard of care."); *see also* 1 Neb. Prac., NJI2d Civ. 1.42 (Westlaw 2017) ("Outside of the context of medical malpractice, anyone practicing a trade must exercise the skill and care normally possessed by members of that trade who are in good standing in the same community. As a general rule, this requires evidence of the skill and care normally possessed by members of the trade in the community in question—evidence of the applicable standard of care. Often this will require expert testimony of the standard for the trade in the community.").

Furthermore, Nebraska case law provides that when a defendant medical professional presents an affidavit stating "that he or she met the standard of care," the affidavit "presents a prima facie case of lack of negligence for summary judgment purposes," shifting the burden to the plaintiff "to present expert testimony to show that an issue of material fact exists and that it prevents summary judgment as a matter of law." *Cerny v. Longley*, 708 N.W.2d 219, 224 (Neb. 2005); *see also Thone v. Reg'l W. Med. Ctr.*, 745 N.W.2d 898, 903 (Neb. 2008) ("At the summary judgment stage, it is well settled that such self-supporting affidavits suffice to make a prima facie case that the defendants did not commit medical malpractice. As such, [the defendant physicians'] affidavits shifted the burden to the [plaintiffs] to provide sufficient evidence to establish a prima facie case of medical malpractice."); *Wagner v. Pope*, 531 N.W.2d 234, 236-37 (Neb. 1995) ("[A]n affidavit of the defendant physician in a malpractice case, which affidavit states that the defendant did not breach the appropriate standard of care, presents a prima facie case of lack of negligence for the purposes of summary judgment. The burden then shifts to plaintiff to show that an issue of material fact exists and that that fact prevents judgment as a matter of law." (internal citations omitted)).

The question then becomes whether these Nebraska "rules"—that expert testimony is required to establish the standard of care and the plaintiff must present

7

expert testimony showing the existence of an issue of material fact in response to a defendant medical professional's affidavit stating that the defendant has met the standard of care—are "substantive" and therefore applicable in this court.

Courts in the Eighth Circuit have concluded that similar state expert-testimony requirements constitute "substantive" law, making them applicable in federal court. *Smith*, 225 F.R.D. at 238-42 (Missouri statute requiring medical-malpractice plaintiffs to file affidavit with court containing written opinion of qualified health care provider stating that defendant failed to use standard of care and such omission caused plaintiff's damages was substantive state law applicable in federal district court sitting in diversity because statute was "outcome determinative on its face," designed to "cull at an early stage of litigation meritless suits against health care providers," and failure to apply statute would produce different outcome than in state proceeding on same claim and could lead to forum shopping (internal quotations omitted)); *see also Moore v. Ernest-Jackson*, 16 Fed. App'x 517 (8th Cir. 2001) (prison inmate's state-law claims were properly dismissed for failure to comply with Missouri health care affidavit statute); *Weasel v. St. Alexius Medical Center*, 230 F.3d 348 (8th Cir. 2000) (district court was required to dismiss malpractice action under North Dakota law where plaintiff failed to file expert affidavit); *Carmen v. Mayo Found.*, 81 F.3d 165, 1996 WL 137272, *1 (8th Cir. 1996) (unpublished per curiam) (district court properly dismissed malpractice action with prejudice under Minnesota law where plaintiff failed to comply with Minnesota's expert affidavit requirements); *Bellecourt v. United States*, 994 F.2d 427 (8th Cir. 1993) (district court did not err in dismissing medical malpractice claim with prejudice for failure to file expert affidavit required under Minnesota law); *Morlan v. Harrington*, 658 F. Supp. 24 (D.N.D. 1986) (applying North Dakota expert affidavit statute in diversity case; the "logical vehicle" to seek dismissal of medical negligence action for failure to provide expert affidavit, as required by state statute, was to bring Fed. R. Civ. P. 56 motion for summary judgment).

Like the courts cited above, I conclude that Nebraska's expert-testimony

8

requirement for professional negligence actions is substantive and therefore applicable in federal court. *See, e.g.*, Hunt v. United States, No. 4:09CV3134, 2010 WL 11545692, at *6 (D. Neb. Oct. 29, 2010), *aff'd*, 417 F. App'x 577 (8th Cir. 2011) (applying Nebraska law that self-supporting affidavits suffice to make prima facie case that defendants did not commit medical malpractice as substantive law in Federal Tort Claims Act claim in federal district court). Because Monument has offered affidavits indicating that it did not breach the standard of care, and because Plaintiff has failed to prove by expert testimony (or by any evidence whatsoever) any departure from the recognized standard of care, Monument is entitled to judgment as a matter of law as to Plaintiff's negligence claim against it.[2]

Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment (Filing No. 29) filed by defendant Monument Vision, PC, is granted;

2. Defendant Monument Vision, PC, is dismissed from this case with prejudice; and

---

[2]Monument does not request that the court enter a Fed. R. Civ. P. 54(b) judgment as to Plaintiff's claim against Monument, nor do I believe it would be appropriate to do so since "[c]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," neither of which is apparent here. *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (internal quotation marks and citation omitted). This is especially so since all claims in this case stem from the same factual allegations. *Id*. at 774-75 ("We . . . conclude that [j]udicial economy will best be served by delaying appeal until all issues can be confronted by this court in a unified package. Such a course is particularly desirable where [as here] the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." (internal quotation marks and citation omitted)).

3. Final judgment shall be withheld pending resolution of the remaining claims against the remaining defendants in this case.

DATED this 20th day of November, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge