IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:17CV3023 |
| | ) | |
| v. | ) | |
| | ) | |
| RON JOHNS, as an Individual and in | ) | **MEMORANDUM** |
| his capacity as Director of the Scotts | ) | **AND ORDER** |
| Bluff County Adult Detention Center, | ) | |
| SCOTTS BLUFF COUNTY, | ) | |
| MONUMENT VISION, PC, | ) | |
| OREGON TRAIL EYE CENTER, | ) | |
| PC, and JOHN DOES 1-99, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Larry Hunt brings this action asserting claims under 42 U.S.C. § 1983 against defendants Ron Johns, Scotts Bluff County, and John Does 1-99 for acting with deliberate indifference to his serious medical needs—in this case, an eye condition Plaintiff suffered while incarcerated at the Scotts Bluff County Detention Center in 2015 that allegedly severely impaired Plaintiff's vision—and for failing to train jail employees to recognize inmates' serious medical needs. (Filing No. 1 at CM/ECF pp. 14-17; Filing No. 19 at CM/ECF pp. 4-5.) Plaintiff also asserts state-law negligence claims against these defendants, as well as against an optometry practice, Monument Vision, PC ("Monument"), and an ophthalmology practice, Oregon Trail Eye Center, PC. (Filing No. 1 at CM/ECF pp. 11-14.) Pending before the court is a Motion for Summary Judgment (Filing No. 39) filed by defendant Scotts Bluff County ("County").

## Status of Defendants

As a preliminary matter, it is necessary to clarify the status of each of the Defendants. Plaintiff's claims against defendant Johns in his official capacity as Director of the Scotts Bluff County Detention Center are actually asserted against the

County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . ."). Therefore, Plaintiff's claims against Johns in his official capacity shall be dismissed as redundant of his claims against the County itself. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (proper to dismiss claim against city officer in his official capacity as redundant of claim against city itself); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (district court correctly dismissed claim against public official in official capacity as redundant of claim against school district).

Defendant Johns, in his individual capacity, has not been served with process, has not waived service, did not participate in the Rule 26(f) Planning Conference or issuance of the Rule 26(f) Report (Filing No. 19), nor has counsel entered an appearance on his behalf. Under Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court will dismiss Johns in his individual capacity without prejudice because: (1) Plaintiff has received adequate notice of the lack of service on Johns individually through the County's Brief in Support of its Motion for Summary Judgment, which clearly discussed the lack of service on Johns individually (Filing No. 40 at CM/ECF p. 2); (2) Plaintiff expressly "agrees" with the portion of the County's brief discussing the lack of service on Johns individually (Filing No. 42 at CM/ECF p. 1); and (3) after the County raised the issue in its Brief, Plaintiff did not contend in his Brief in Opposition that there was good cause for his failure to serve Johns individually, nor did Plaintiff request an extension of time to do so.

For the same reasons, defendant Does 1-99 shall be dismissed from this action without prejudice. The dismissal of Does 1-99 is also supported by Plaintiff's failure

to comply with the court's progression order, which contained an explicit July 31, 2017, deadline for Plaintiff to amend to identify any "John Does," which has long since passed. (Filing No. 19 at CM/ECF pp. 9-10 (Rule 26(f) Report; motions to amend pleadings to identify "John Does" in case caption shall be filed within 60 days of May 31, 2017); Filing No. 20 at CM/ECF p. 3 (Initial Progression Order; motions to amend pleadings to be filed by July 31, 2017)). *See Sherman v. Winco Fireworks*, 532 F.3d 709, 715-16 (8th Cir. 2008) (good cause required under Fed. R. Civ. P. 16(b) to amend pleading outside court's scheduling order).

Defendant Monument Vision, PC, was dismissed from this case with prejudice after its Motion for Summary Judgment was granted in its favor. (Filing No. 34.) Therefore, the only remaining defendants are Scotts Bluff County and Oregon Trail Eye Center.

## Section 1983 Claims

Plaintiff asserts section 1983 claims against the County for acting with deliberate indifference to Plaintiff's serious medical need and for having a "custom of practice of failing to train its employees to be observant of an[d] act upon signs and indications of serious medical needs in inmates."[1] (Filing No. 1 at CM/ECF pp. 14, 17; Filing No. 19 at CM/ECF pp. 4-5.)

The County may only be liable under section 1983 if the County itself caused a constitutional violation at issue. *City of Canton v. Harris*, 489 U.S. 378 (1989). In order

---

[1]The body of Plaintiff's Complaint states that he asserts a 42 U.S.C. § 1983 claim and a state-law negligence claim against "the jail," but the Scotts Bluff County Detention Center is not named as a separate defendant in the Complaint's caption. In any event, "county jails are not legal entities amenable to suit" under section 1983, *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003), and are not defined as political subdivisions under Nebraska's Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-903(1) (Westlaw 2018).

for the County to be liable under §1983, its "policy" or "custom" must have caused a violation of Plaintiff's constitutional rights, or it must have been caused by a deliberately indifferent failure to train, such that the County would have known that its training program would cause constitutional violations of the type alleged. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Thus, the first inquiry in any case alleging county liability under §1983 is whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *City of Canton*, 489 U.S. at 385. An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish government policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," Plaintiff must prove:

1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)   That Plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

A local government may be subject to § 1983 liability for inadequate training of its employees only where all of the following elements are met:

(1)     The government's training practices were inadequate;

(2)     The government was deliberately indifferent to the rights of others in adopting the training practices, such that the failure to train reflects a deliberate or conscious choice by the government; and

(3)     An alleged deficiency in the training procedures actually caused the plaintiff's injury.

*Parrish v. Ball*, 594 F.3d 993 (8th Cir. 2010) (citing *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996)). Additionally, the County must have prior notice that its procedures were inadequate and were likely to result in a violation of constitutional rights. *Andrews*, 98 F.3d at 1076.

In support of its Motion for Summary Judgment, and as required by the court's Local Rules, the County has filed a brief containing a "separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." This statement of facts contains "pinpoint references to . . . materials that support the material facts . . . ." NECivR 56.1(a). "Properly referenced material facts in the movant's statement [of facts] are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b)(1).[2]

Plaintiff has controverted neither the County's statement of material facts nor the County's detailed arguments regarding Plaintiff's section 1983 claims, instead admitting in his Brief in Opposition to the County's Motion for Summary Judgment that "the claims of § 1983 liability are unlikely to survive this motion, as it appears that what happened was simply an act of negligence." (Filing No. 42 at CM/ECF p. 1.)

---

[2]The court finds that reproducing the County's detailed, lengthy, and undisputed statement of material facts unnecessary for resolution of the pending Motion for Summary Judgment. (Filing No. 40 at CM/ECF pp. 6-26.)

Plaintiff's counsel "therefore waives argument of the same" and does not submit any "additional evidence beyond that which is offered by the Defendant." (Filing No. 42 at CM/ECF p. 2.)

I shall grant the County's Motion for Summary Judgment as to Plaintiff's section 1983 claims against it for the following reasons:

(1)    Plaintiff concedes in his brief that "it appears that what happened was simply an act of negligence." (Filing No. 42 at CM/ECF p. 1.) "Negligent, or even grossly negligent, conduct by government officials cannot be the basis of a constitutional tort claim." *Davis v. Fulton Cty.*, 90 F.3d 1346, 1352 (8th Cir. 1996).

(2)    "[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009). *See also* *Robinson v. Am. Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014) (plaintiff waived claims by failing to oppose employer's motion for summary judgment on those claims); *Saghir v. Schenker Logistics, Inc.*, 501 F. App'x 609, 610 (8th Cir. 2013) (unpublished) (affirming summary judgment in favor of defendant on ADA claim when plaintiff "did not oppose [the] basis for summary judgment at the district court level, and therefore the argument was waived"); *Zanders v. U.S. Bank*, No. 413CV00481, 2016 WL 8925395, at *12 (S.D. Iowa Jan. 14, 2016), *aff'd*, 674 F. App'x 591 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 446, 199 L. Ed. 2d 329 (2017), *reh'g denied*, 138 S. Ct. 1044, 200 L. Ed. 2d 304 (2018) (plaintiff abandoned claim by failing to respond to defendant's arguments in support of motion for summary judgment); *Myers v. Blumenthal*, 534 B.R. 6, 15 (D. Neb. 2015) ("Failure to oppose a basis for summary judgment constitutes a waiver of that argument."); *Jones v. Kelley*, No. 5:15-CV-00306, 2016 WL 8607506, at *5 (E.D. Ark. Nov. 14, 2016), *report and recommendation*

*adopted*, No. 5:15-CV-00306, [2017 WL 1136678 (E.D. Ark. Mar. 27, 2017)](defendants entitled to judgment as matter of law on deliberate-indifference claim when plaintiff "failed to come forward with any evidence to contradict the evidence presented by the . . . Defendants in support of their motion for summary judgment"); *[Thomsen v. Ross](https://...)*, 368 F. Supp. 2d 961, 971 n.8 (D. Minn. 2005) (plaintiff's failure to respond to defendants' arguments in favor of summary judgment on certain claims "alone would justify dismissal of the . . . claims"); *[United States v. NHC Health Care Corp.](https://...)*, 163 F. Supp. 2d 1051, 1059 (W.D. Mo. 2001) (dismissing four claims as abandoned because plaintiff failed to address them and defendants' arguments regarding those claims in brief opposing defendants' motion for summary judgment).

(3)    Plaintiff has failed to prove—or even make an argument regarding—the existence of a Scotts Bluff County policy or custom of being deliberately indifferent to its inmates' serious medical needs or the County's failure to train its employees to properly observe and act upon indications of serious medical needs in inmates. Specifically, Plaintiff has admittedly submitted no evidence whatsoever establishing that a County official who had final authority to establish government policy made a deliberate choice, among various alternatives, to ignore its inmates' medical needs; that there was a continuing, widespread, persistent pattern of unconstitutional misconduct by the County's employees; that any policymaking official had notice of such widespread misconduct and tacitly approved it; that the County's training practices were somehow inadequate; or that any existing policies, customs, or training procedures actually caused the plaintiff's injury. *See, e.g.*, *[Morris v. Cradduck](https://...)*, No. CV 14-5096, 2017 WL 2469643, at *10 (W.D. Ark. May 18, 2017), *report and recommendation adopted*, No. 5:14-CV-05096, [2017 WL 2468976 (W.D. Ark. June 7, 2017)](https://...) (defendants entitled to summary judgment when there was delay in plaintiff undergoing surgery, but no

evidence that such delay was caused by any custom, policy, or practice of county); *Murphy v. Campbell*, No. 2:12CV22, 2013 WL 3282863, at *5 (E.D. Mo. June 27, 2013) (defendant entitled to summary judgment when plaintiff failed to establish the existence of any policy promulgated by department of corrections medical provider that injured him in any way); *Jones v. Foster*, No. 1:10-CV-01006, 2011 WL 4088516, at *11 (W.D. Ark. Aug. 22, 2011), *report and recommendation adopted*, No. 1:10-CV-01006, 2011 WL 4087987 (W.D. Ark. Sept. 14, 2011) (defendant entitled to summary judgment when plaintiff failed to establish county custom, policy, or practice, but instead only "point[ed] to . . . isolated events").

Accordingly, the County's Motion for Summary Judgment shall be granted in its favor on Plaintiff's section 1983 claims against it.

## State-Law Negligence Claims

The only remaining claims in this case are Plaintiff's state-law negligence claims against Scotts Bluff County and Oregon Trail Eye Center, PC. Under 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. *See Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045 (8th Cir. 2014). While this determination is a matter of discretion for the court, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent [or supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The court has weighed each of these factors and finds it appropriate to dismiss such claims without prejudice to refiling in state court.[3]

---

[3]The fact that this court previously disposed of a state-law negligence claim against defendant Monument Vision, PC, does not prevent dismissal of the remaining

The court notes that the tolling provision in 28 U.S.C. § 1367(d) (Westlaw 2018) will aid Plaintiff in avoiding statute-of-limitations problems if he chooses to file his negligence claims in state court. *See* Filing No. 1, Complaint (negligence alleged to have occurred in April and May 2015); Neb. Rev. Stat. § 25-222 (Westlaw 2018) (two-year statute of limitations for professional-negligence claims); 28 U.S.C. § 1367(d) ("The period of limitations for any claim [asserted as a supplemental claim] under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

> In § 1367(d), Congress did provide for tolling not only while the claim is pending in federal court, but also for 30 days thereafter. Including the 30 days within § 1367(d)'s tolling period accounts for cases in which a federal action is commenced close to the expiration date of the relevant state statute of limitations. In such a case, the added days give the plaintiff breathing space to refile in state court.

*Artis v. District of Columbia*, 138 S. Ct. 594, 605 (2018) (noting that tolling provision in section 1367(d) promotes fair and efficient operation of federal courts because it

---

state claims after dismissal of all claims over which it has original jurisdiction—here, the section 1983 claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) ("[T]he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation."); *Mountain Home Flight Serv., Inc.*, 758 F.3d at 1045 (after district court dismissed § 1983 claim, it was permissible for district court to decline to exercise supplemental jurisdiction over remaining state-law claims, even after court previously dismissed other state claims for failure to state a claim upon which relief could be granted and for being barred by the state statute of limitations); *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (Congress has unambiguously granted district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state-law claims when all federal claims have been dismissed); 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (3d ed. Westlaw 2018) ("[A]lthough it is unusual, it is permissible for the federal court to decide one supplemental claim on the merits while declining to hear another supplemental claim.").

provides option to federal judges debating whether to retain jurisdiction over supplemental state-law claims that might be time-barred in state court, and it discourages plaintiffs from simultaneously litigating federal and state claims arising from same episode in both state and federal forums).

Accordingly,

IT IS ORDERED:

1.  Plaintiff's claims against defendant Ron Johns in his official capacity are dismissed as redundant of his claims against Scotts Bluff County.

2.  Plaintiff's claims against defendants Johns in his individual capacity and Does 1-99 are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

3.  The Motion for Summary Judgment (Filing No. 39) filed by defendant Scotts Bluff County is granted.

4.  Plaintiff's state-law negligence claims against Scotts Bluff County and Oregon Trail Eye Center, PC, are dismissed without prejudice to refiling in state court.

5.  Judgment shall be entered by separate document.

DATED this 21st day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge